**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| VANESSA Y. HILL,  )  <br> ) <br> Plaintiff,   ) <br> ) <br> vs.   ) <br> ) <br> STEVEN GERARD KINLOCH, JO ) <br> ERNST *as Employee/Agent of*   ) <br> LIBERTY MUTUAL INSURANCE ) <br> COMPANY, and LIBERTY MUTUAL ) <br> INSURANCE COMPANY,   ) <br> ) <br> Defendants.   ) <br> _____ ) | No. 2:15-cv-00864-DCN <br><br><br><br> **ORDER** |

      This matter is before the court on a motion to remand filed by plaintiff Vanessa Y. Hill ("Hill"). For the reasons that follow, the court grants Hill's motion in part and remands the negligence claim against defendant Steven Gerard Kinloch ("Kinloch") to state court. The court denies Hill's motion to remand the claims against defendants Jo Ernst and Liberty Mutual Insurance Company (collectively, "the insurance defendants") and instead stays these claims pending the outcome of the state court action.

## I.  BACKGROUND

      Hill filed a complaint in the Court of Common Pleas of Charleston County on January 6, 2015, for claims arising out of an automobile accident between Hill and Kinloch. The complaint alleges a negligence claim against Kinloch for his failure "to operate his vehicle in a safe and prudent manner" on the day of the accident. Compl. ¶ 11. It also alleges claims of bad faith, negligence, barratry, outrage, and breach of contract against the insurance defendants related to their refusal to pay Hill the

1

underinsured motorist coverage to which she believes she is entitled under her insurance policy with Liberty Mutual. Id. ¶¶ 18–61.

The insurance defendants filed a notice of removal on February 26, 2015, asserting diversity jurisdiction under 28 U.S.C. § 1332, and removability under 28 U.S.C. § 1441. Although Hill and Kinloch are both residents of South Carolina,[1] the insurance defendants assert that Kinloch is a nominal defendant, whose presence does not preclude a finding of diversity jurisdiction. Defs.' Removal Br. 3. On March 20, 2015, Hill filed the instant motion to remand back to state court. The insurance defendants filed a response in opposition on April 2, 2015. The motion has been fully briefed and is ripe for the court's review.

## II. REMOVAL STANDARD

The right to remove a case from state court to federal court derives from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. Mulcahey v. Columbua Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Pohto v. Allstate Ins. Co., No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to

---

[1] Jo Ernst is a citizen of North Carolina while Liberty Mutual Insurance Company is a corporate citizen of Wisconsin. Defs.' Removal Br. 3.

whether a case belongs in federal or state court should be resolved in favor of state court."). Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

### III.  DISCUSSION

Hill asks the court to remand this action back to the Charleston County Court of Common Pleas. Pl.'s Mot. 1. She argues that Kinloch is not a nominal defendant here because he "has a palpable interest in the outcome of this case." Id. at 6. In so arguing, Hill states that this action results from Kinloch's liability as the at-fault driver in the automobile accident, and that the claims against the insurance defendants stem from those against Kinloch. Id. at 4–6.

The insurance defendants respond that Kinloch and Hill have already settled the claims related to the accident, and Kinloch therefore "has no real stake in the outcome of the case." Defs.' Resp. 3. In support, the insurance defendants have attached as an exhibit a proposed "covenant not to execute" judgment that was sent to Hill's counsel by Kinloch's insurer on November 7, 2014. Id. Ex. A at 1. This proposed covenant releases Kinloch of financial liability for any and all claims relating to the automobile accident for the consideration of $ 50,000 dollars. Id. Ex. A at 4. At the hearing, Hill's counsel acknowledged that Hill signed this covenant. Hr'g Tr. 2.

"Nominal parties are excepted from the requirement that all defendants join in or consent to removal to federal court." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 260 (4th Cir. 2013). According to the Fourth Circuit, "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or

3

subsequent to the act of removal." Hartford Fire Ins. Co., 736 F.3d at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Id. In light of this "practical inquiry," district courts are directed to "focus[] on the particular facts and circumstances of a case" to determine whether this exception to complete diversity applies. Id.; see Mansfield v. Vanderbilt Mortgage & Fin., Inc., 29 F. Supp. 3d 645, 650–51 (E.D.N.C. 2014) (explaining that a nominal party is an exception to the complete diversity requirement under 28 U.S.C. § 1332).

Courts within this district have followed a four factor test first articulated in Owens v. Overstreet, 2010 WL 4721709, at *3 (S.D.W. Va. Nov. 15, 2010), to help determine whether a party has a sufficient stake in the litigation. See Henzler v. S.C. Farm Bureau Mut. Ins. Co., No. 5:13-cv-03542, 2014 WL 3889106, at *3 (D.S.C. Aug. 8, 2014); Shorraw v. Bell, No. 4:13-cv-01992, 2014 WL 692752, at *3 (D.S.C. Feb. 21, 2014). The Owens factors are as follows: "(1) the level of control that the party retains over the litigation; (2) the weightiness of the party's interest in the litigation; (3) whether the party has retained counsel; and (4) whether the party has given a statement or a deposition." Shorraw, 2014 WL 692752, at *3 (citing Owens, 2010 WL 4721709, at *3).

In applying the Owens factors, courts have found that a party's lack of financial risk in the litigation weighs heaviest in favor of finding that a party is a nominal party. For example, in Shorraw, an automobile accident case, the plaintiff executed a covenant not to enforce judgment against the driver of the vehicle in which he plaintiff was injured. 2014 WL 692752, at *1. The plaintiff later brought a claim in state court against the driver and a medical sales corporation. Id. When the medical sales corporation removed

the case to federal court under diversity jurisdiction, the plaintiff argued that remand was warranted because the driver, who was from the same state as the plaintiff, was not a nominal party and therefore there was no diversity jurisdiction.  Id.  The Shorraw court, after considering the Owens factors, noted that although the driver had retained his own counsel and filed a cross-claim, he faced no risk of financial liability in the litigation as a result of the covenant not to enforce judgment.  Id. at *4.  The court therefore found that the driver was a nominal party, making his citizenship irrelevant for purposes of diversity jurisdiction.  Id.

Similarly, in Henzler, another case arising from an automobile accident, the court found that the at-fault driver's lack of risk of financial liability in the litigation rendered him a nominal party.  2014 WL 3889106, at *3.  The Henzler court discussed the four Owens factors and ultimately found that "the removal of specific financial liability from litigation posture establishes that [the driver] does not 'possess a sufficient stake in this proceeding to rise above the status of a nominal party.'"  Id. (quoting Hartford Fire Ins. Co., 736 F.3d at 261).

Here, Kinloch's lack of risk of financial liability in this litigation renders him a nominal party under the Owens factors.  See Shorraw, 2014 WL 692752, at *4; Henzler, 2014 WL 3889106, at *3.  Hill has signed the covenant not to execute judgment, which settles all of Hill's claims for financial liability against Kinloch.  Hr'g Tr. 2.  Therefore, even if this court were to find Kinloch negligent, such a finding would have no practical effect on him.  Thus, Kinloch does not "possess a sufficient stake in this proceeding to rise above the status of a nominal party."  Hartford Fire Ins. Co., 736 F.3d at 261.


## IV.  CONCLUSION

Having found that Kinloch is a nominal party to the litigation in this court, the court **SEVERS** the negligence claim against Kinloch and **REMANDS** the claim back to state court.[2]  The court further **STAYS** the claims asserted against the insurance defendants pending the outcome of the state court action.  However, the parties are allowed to cross designate appropriate discovery so as to avoid duplication of efforts in the state and federal cases.

    **AND IT IS SO ORDERED**.

                                                  **DAVID C. NORTON**
                                                  **UNITED STATES DISTRICT JUDGE**

**April 29, 2015**
**Charleston, South Carolina**

---

[2] The court notes that there is precedent in this circuit for severing a claim against a non-diverse party and remanding it to state court following removal by diverse defendants.   See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988) (discussing case law in which, following removal under 28 U.S.C. § 1441(c), the court severed the claim against the non-diverse party and remanded it to state court).